

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00149-CV

_____

IN THE INTEREST OF K.R., A CHILD

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 91,387-D-FM, Honorable Carry Baker, Associate Judge Presiding

October 23, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This case involves the termination of parental rights to the child, K.R.[1]  After a bench trial, the associate judge terminated the parental rights of both parents and appointed the Texas Department of Family and Protective Services as the child's managing conservator.  Both parents appealed.  By a single issue, Mother and Father contend that the trial court erred in not dismissing the suit by the dismissal deadline prescribed by section 263.401.  Finding no error, we affirm the judgment of the trial court.

---

[1] To protect the child's privacy, we will refer to the appellants as "Mother" and "Father" and to the child by his initials.  See TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2020); TEX. R. APP. P. 9.8(b).

## Background

Because neither appellant challenges the sufficiency of the evidence to support the grounds for termination or the best interest finding, we will only discuss the facts necessary to resolve the issue on appeal.

On March 7, 2018, the Department filed its original petition for protection, conservatorship, and termination of the parental rights of Mother and Father as to their two-year-old child, K.R. The trial court signed an emergency order for protection of the child later that day and named the Department temporary managing conservator of K.R. After an adversary hearing, the Department was named temporary managing conservator of K.R. and a dismissal date was set. Under section 263.401, the dismissal date was calculated to be March 11, 2019. TEX. FAM. CODE ANN. § 263.401(a) (West Supp. 2020)[2] (original dismissal date is "the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator. . . .").

On March 5, 2019, the trial court found that extraordinary circumstances necessitated that K.R. remain in the temporary managing conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator was in K.R.'s best interest. As a result, the trial court granted a 180-day extension pursuant to section 263.401(b) and reset the dismissal date for September 7, 2019.

---

[2] Further references to provisions of the Texas Family Code will be by reference to "§ __" or "section __."

On August 29, 2019, the trial court ordered a monitored return of K.R. to Mother and set a new dismissal date of February 25, 2020. *See* § 263.403(b) (West 2019). Approximately three months later, however, on December 2, 2019, the trial court issued an order returning K.R. to the Department's care and continued its temporary managing conservatorship. In that order, the trial court found that K.R. was removed from the monitored placement with Mother because Mother was no longer able to provide K.R. with a safe environment. As a result of this order, the dismissal date was reset to May 30, 2020, pursuant to section 263.403(c).

The final hearing was held on May 28, 2020. The trial court terminated Mother's parental rights on the grounds of endangering conditions, endangerment, failure to comply with a court order, and failure to complete a substance abuse treatment program. *See* § 161.001(b)(1)(D), (E), (O), (P) (West Supp. 2020). The trial court terminated Father's parental rights on the grounds of endangerment and engagement in criminal conduct that led to his conviction, imprisonment, and inability to care for K.R. *See* § 161.001(b)(1)(E), (Q). The trial court also found that clear and convincing evidence demonstrated that termination was in the best interest of K.R. *See* § 161.001(b)(2).

Each parent timely filed a notice of appeal.

Law and Analysis

In their sole issue, Mother and Father contend that the trial court erred by refusing to dismiss the termination proceeding pursuant to section 263.401, which requires a final disposition of a suit seeking termination of parental rights no later than twelve months after the trial court makes the Department temporary managing conservator of the child, with one six-month extension possible. Thus, under section 263.401, a suit seeking

termination of parental rights must, in most circumstances, be resolved within a maximum of eighteen months. In this case, the eighteen-month deadline imposed by section 263.401 was September 7, 2019.

Notwithstanding section 263.401, however, the trial court may retain jurisdiction over a case if it: (1) finds that retention is in the best interest of the child; (2) orders a Department-monitored return of the child to a parent; and (3) continues the Department as temporary managing conservator of the child. § 263.403(a); *In re A.H.J.,* No. 05-15-00501-CV, 2015 Tex. App. LEXIS 10440, at *5-6 (Tex. App.—Dallas Oct. 8, 2015, pet. denied) (mem. op.).

If the trial court renders an order under section 263.403, it shall "schedule a new date, not later than the 180th day after the date the temporary order is rendered, for dismissal of the suit unless a trial on the merits has commenced." § 263.403(b). If a child placed with a parent under section 263.403 must be removed before the dismissal of the suit or the commencement of trial, the court may further reset the dismissal date to not "later than the original dismissal date established under Section 263.401 or the 180th day after the date the child is moved under this subsection, whichever date is later." § 263.403(c).

The record before us shows the original dismissal date was extended to September 7, 2019, pursuant to section 263.401(b). However, on August 29, 2019, the trial court ordered a monitored return to Mother. § 263.403(a), (b) (establishing new dismissal date upon return of child to parent under continuing supervision and conservatorship of Department). Section 263.403 allows the trial court to retain jurisdiction and enter an order for the monitored return of the child beyond the provisions

4

of section 263.401. *See* § 263.403(a); *In re R.S.,* No. 10-10-00350-CV, 2011 Tex. App. LEXIS 4790, at *14-15 (Tex. App.—Waco June 22, 2011, pet. denied) (mem. op.). During the monitored return, the Department remained K.R.'s temporary managing conservator, and the dismissal date was reset to February 2020, 180 days from the date the temporary order was rendered. § 263.403(b). In December of 2019, the Department determined that K.R. was not safe in Mother's home and removed K.R. from the monitored placement. Subsequently, the trial court issued an order in which it found that it would be in K.R's best interest to grant the Department's motion to set a new dismissal date based upon the removal of K.R. from the monitored return. § 263.403(c); *In re D.M.K.,* No. 04-15-00351-CV, 2015 Tex. App. LEXIS 12235, at *4-5 (Tex. App.—San Antonio Dec. 2, 2015, no pet.) (mem. op.) (order extended the deadline after the monitored placement with the parent failed and child was ordered moved from that home). The trial court reset the final date for dismissal to May 30, 2020, in accordance with section 263.403(c) (permitting the trial court to reset the dismissal date within 180 days of the child's removal). The trial court commenced the trial on the merits on May 28, 2020, two days before the dismissal date set under section 263.403, and rendered judgment within the time allowed by section 263.403. Consequently, we overrule Mother and Father's sole issue.

## Conclusion

Having overruled Mother and Father's sole issue, the judgment of the trial court is affirmed.

Judy C. Parker
Justice

5